IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00333-CR

 

Robert Earl Harrison,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 199th District Court

Collin County, Texas

Trial Court # 199-81868-02

 



MEMORANDUM 
Opinion



 








      This
is an appeal of a conviction for assault on a public servant.  We will affirm.

      Appellant
contends that the evidence was legally and factually insufficient.  The indictment alleged that Appellant caused
bodily injury to the victim by kicking him in the leg, cutting him on the
finger with a razor blade, and cutting him on the finger with an unknown
object; and the jury so found.  As
Appellant’s brief points out, the victim testified that it “hurt” when
Appellant kicked the victim’s legs. 
Viewing all the evidence in the light most favorable to the verdict, a
rational trier of fact could have found beyond a reasonable doubt that
Appellant caused the victim physical pain in kicking the victim’s legs.  See Tex. Penal Code Ann.
§§ 1.07(a)(8), 22.01(a)(1) (Vernon Supp. 2004-2005); Jackson v. Virginia, 443 U.S. 307, 319 (1979); Herrin v. State, 125 S.W.3d 436, 439 (Tex. Crim. App. 2002).  Accordingly, the evidence that he did so is
legally sufficient.  Viewing the evidence
in a neutral light, and giving due deference to the jury’s credibility
determinations, the jury was rationally justified in finding beyond a
reasonable doubt that Appellant caused the victim physical pain in kicking the
victim’s legs.  See Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004); Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Accordingly, the evidence that he did so is
factually sufficient.  We overrule
Appellant’s issue.

      We affirm the judgment.

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice Reyna

      (Justice
Vance concurs with a note.  I believe we
owe it to the litigants, the higher courts, the Bench and Bar, and the public
generally to provide more of the facts and our analysis in memorandum opinions
such as this, particularly in a case involving a twenty-five year
sentence.  The majority opinion points
only to testimony supporting the verdict and summarily affirms the
judgment.  I concur in the result, but
note additional facts upon which Harrison
makes his legal and factual insufficiency argument.  Harrison
argues that no witness testified that Harrison
brandished any sort of weapon or object. 
The officer who was the victim of the assault testified that he did not
know how he had been cut.  He only knew
that he was not cut before the fight with Harrison began and noticed afterward that he had been
cut.  The victim could not recall how
many times he had been kicked by Harrison.  However, considering all of the evidence in
the light most favorable to the verdict, the evidence is legally
sufficient.  Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d
560 (1979).  Viewing the evidence in a
neutral light, and giving due deference to the jury’s credibility
determinations, the jury was rationally justified in finding beyond a
reasonable doubt that Harrison caused bodily injury to the victim.  See
Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004.)  The
evidence is factually sufficient.)

Opinion
delivered and filed October 13, 2004

Affirmed

Do
not publish

[CRPM]